## UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH DAKOTA

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PHILIP LAMAR NORDVOLD,<br><br>Defendant. | 3:23-CR-30053-RAL<br><br><br>REPORT AND RECOMMENDATION FOR DISPOSITION OF MOTION TO DISMISS (ON SECOND AMENDMENT GROUNDS) |

Philip Lamar Nordvold is charged with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1).  He moves to dismiss the indictment on the basis that § 922(g)(1) is unconstitutional, either facially or as applied to him, under the Second Amendment in light of the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n v. Bruen*.[1]  Because binding Eighth Circuit precedent forecloses Nordvold's facial and as-applied challenges to the statute, his dismissal motion should be denied.

---

[1] 142 S. Ct. 2111 (2022).

## BACKGROUND

In 2005, Nordvold plead guilty to possession of a controlled substance in South Dakota state court.[2]  Nine years later, he plead guilty to being a prohibited person in possession of a firearm in federal court.[3]  He also has pending felony state charges for possession and ingestion of a controlled substance from May 2022 and has a tribal criminal history that consists of more than 100 arrests.[4]

On April 11, 2023, a federal grand jury indicted Nordvold, charging him under § 922(g)(1) with knowingly possessing a Heritage brand revolver with an obliterated serial number while a felon.[5]  That statute states: "It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year[,] . . . to . . . possess in or affecting commerce, any firearm or ammunition[.]"[6]

Nordvold says that since the 2005 drug and 2014 felon-in-possession convictions are his only ones to date, "there is no indication that [he] presents a danger to the

---

[2] *See* Docket Nos. 3, 22 at 15, and 24 at 2-3.

[3] *See id.*

[4] *See* Docket No. 3.

[5] *See* Docket No. 1.

[6] *See* 18 U.S.C. § 922(g)(1).

community."[7]  He seeks to dismiss the indictment, claiming that § 922(g)(1) is facially unconstitutional, and as applied to him, under the Second Amendment after *Bruen*.[8]

## DISCUSSION

### A. *Jackson* and *Cunningham*

Applying the test enumerated in *Bruen*, the Eighth Circuit in *United States v. Jackson*[9] recently held that § 922(g)(1) was constitutional as applied to the defendant.[10] In *Jackson*, the defendant had two prior state convictions for selling a controlled substance and maintained that their "non-violent" nature did not render him "more dangerous than the typical law-abiding citizen."[11]  But the appeals court declined to contrive a threshold of violence within the spectrum of all felonies because, the court said, the statute (forbidding firearm possession based on a person's status as a felon) "is consistent with the Nation's historical tradition of firearm regulation."[12]

---

[7] Docket No. 22 at 15.

[8] Docket Nos. 21, 22 at 15.

[9] 69 F. 4th 495 (8th Cir. 2023).

[10] *Id.* at 501, 506.

[11] *Id.* at 498, 501.

[12] *Id.* at 502 (quoting *Bruen*, 142 S. Ct. at 2130); *see also id.* ("we conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)"); *id.* at 504 ("Legislatures historically prohibited possession by categories of persons based on a conclusion that the category as a whole presented an unacceptable risk of danger if armed.").

Nordvold takes issue with *Jackson*, arguing that the Eighth Circuit erroneously relied on the historical analysis published in a vacated Third Circuit decision.[13] Such an argument holds no water.[14] A district court cannot nullify, or pass judgment on, the authorities the court of appeals finds persuasive, especially when that court requires one panel to follow the decision of another – and did so on the constitutional issue Nordvold now posits[15] – until an intervening United States Supreme Court decision casts doubt on the earlier panel's ruling.[16]

A district court is bound by the precedent of the appeals court if that precedent is on point with the issues presented.[17] Nordvold raises a nearly identical challenge to the

---

[13] Docket No. 22 at 13-15.

[14] *See United States v. Faust*, No. 23-cr-2005-LTS-MAR, 2023 WL 4669028, at *3 (N.D. Iowa June 30, 2023) (concluding that *Jackson* bound the court, despite *Jackson*'s reliance on the Third Circuit's vacated *Range* decision), *R&R adopted*, 2023 WL 4626672 (N.D. Iowa July 19, 2023).

[15] *See United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023).

[16] *See United States v. Anwar*, 880 F.3d 958, 971 (8th Cir. 2018); *United States v. Eason*, 829 F.3d 633, 641 (8th Cir. 2016).

[17] *See Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) (citing *United States v. Collins*, 321 F.3d 691, 698 n. 5 (8th Cir. 2003) (lower courts within the Eighth Circuit are bound to apply Eighth Circuit precedent); *see also United States v. Lowry*, No. 1:22-CR-10031-CBK, 2023 WL 3587292, at *2 (D.S.D. May 22, 2023) ("I am bound to apply Eighth Circuit precedent."); *United States v. Hoeft*, No. 4:21-CR-40163-KES, 2023 WL 2586030, at *3 (D.S.D. Mar. 21, 2023) ("*Bruen* is not irreconcilable with previous Eighth Circuit decisions and the district court in this case is still bound by Eighth Circuit precedent to uphold the constitutionality of 18 U.S.C. § 922(g)(1).").

one raised in *Jackson*, which the panel rejected.[18]  He has not distinguished himself from the defendant in *Jackson*.  Hence, *Jackson* bars Nordvold's as-applied claim.[19]

United States v. Cunningham,[20] which relied on *Jackson*, provides additional grounds for denying the claim.  In *Cunningham*, the defendant challenged the constitutionality of § 922(g)(1) under the premise that his prior convictions (of driving under the influence in 2005 and possessing a firearm as a felon in 2012) were for nonviolent offenses.[21]  Nordvold's two convictions are strikingly similar in their remoteness and perceived severity (possessing controlled substances in 2005 and a firearm while a felon in 2014).  But again, the *Cunningham* panel rejected the defendant's request to look at whether his prior offenses qualified as "violent" ones (based on the

---

[18] Docket No. 22 at 15-17; *Jackson*, 69 F.4th at 501, 506.

[19] *See Faust*, 2023 WL 4669028, *5 (citations omitted) (cleaned up) (finding *Jackson* proscribed a constitutional challenge to § 922(g)(1) because "[defendant] did not attempt to allege 'facts about himself and his background that distinguish his circumstances from those of persons historically barred from Second Amendment protections.' Nor did he attempt to show that he is 'no more dangerous than a typical law-abiding citizen.'").

[20] 70 F.4th 502 (8th Cir. 2023).

[21] *Id.* at 504, 506.

elements of them), making clear that such a requirement was "foreclosed" by *Jackson*.[22] The panel did so one week *after* the Third Circuit handed down its en banc decision.[23]

Analyzing *Jackson* and *Cunningham*, the Court comes to the same conclusion as the court of appeals did in those cases: that § 922(g)(1) is constitutional as applied to Nordvold because of his status as a felon and that his unique criminal record and perceived risk of violence have no bearing on that determination.  In post-*Bruen* cases, two South Dakota district courts likewise held that § 922(g)(1)'s status-based disarmament passed constitutional muster.[24]  But after *Jackson* and *Cunningham*, there is no need to conduct any "historical tradition" analysis of the statute as Nordvold implores the Court to do.[25]  The as-applied portion of Nordvold's motion should be denied based on the straightforward holdings of *Jackson* and *Cunningham*.

---

[22] *Id*. at 506.

[23] *See Cunningham*, 70 F.4th at 502 (filed June 13, 2023); *Jackson*, 69 F.4th at 501-06 (citing *Range v. Att'y Gen.*, 53 F.4th 262, 269 (3d Cir. 2022) (per curiam), *vacated*, 56 F.4th 992 (3d Cir. 2023), and *reh'g en banc*, 69 F.4th 96 (3d Cir. 2023)); *Range*, 69 F.4th at 96 (filed June 6, 2023).

[24] *See, e.g.*, *United States v. Lowry*, 1:22-CR-10031-CBK, 2023 WL 3587309, at *2-7 (D.S.D. May 5, 2023), *R&R adopted*, 2023 WL 3587292 (D.S.D. May 22, 2023); *Hoeft*, 2023 WL 2586030, at *5-6.

[25] Docket No. 22 at 1-13, 15-17; *see United States v. Keels*, No. 23-20085, 2023 WL 4303567, at *6 (E.D. Mich. June 30, 2023) (agreeing with *Jackson* and observing that in light of "overwhelming" precedent, there is "no reason" to conduct an in-depth analysis of whether § 922(g)(1) is consistent with the historical tradition of firearm regulation).

### B.  Facial Challenge

Nordvold fares no better on his facial challenge to § 922(g)(1).  Although *Jackson* and *Cunningham* appear to address only as-applied challenges to the statute,[26] the holdings in both cases explicitly, or at least implicitly, negate any contention that the statute is facially unconstitutional under the *Bruen* framework.[27]  *Jackson* concluded that "legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms" and that "Congress acted within the historical tradition when it enacted § 922(g)(1) and the possession of firearms by felons."[28] *Cunningham* reiterated *Jackson*'s edict that "there was no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1)" and affirmed that the "longstanding prohibition on possession of firearms by felons is constitutional."[29]  Given

---

[26] *Jackson*, 69 F.4th at 501, 506; *Cunningham*, 70 F.4th at 506.

[27] *See Faust*, 2023 WL 4669028, at *4; *United States v. Hansen*, No. 4:18-CR-3140, 2023 WL 4234002, at *7 (D. Neb. June 22, 2023); *see also Hoeft*, 2023 WL 2586030, at *2-3 (rejecting facial challenge to § 922(g)(1)).

[28] *Jackson*, 69 F.4th at 505.

[29] *Cunningham*, 70 F.4th at 506; *see also United States v. Jordan*, No. 1:23-CR-159, 2023 WL 4267602, at *2 (N.D. Ohio June 29, 2023) (quoting *Jackson* and concurring with these propositions).

these tenets, it is hard to see how any facial attack to the constitutionality of § 922(g)(1) is viable.[30]

## C. Textual Coverage

The government asserts that the Second Amendment does not apply to Nordvold because the right to bear arms extends only to "law-abiding, responsible" citizens.[31]  So Nordvold's 2005 and 2014 convictions, the government declares, removed him from the textual meaning of "the people" expressed in the Amendment.[32]  Some courts have embraced this view.[33]

*Jackson* and *Cunningham* though assumed that felons were part of "the people" the Second Amendment protects.  And for good reason.  Indeed, "the people" mentioned in the Constitution "unambiguously refers to all members of the political community, not an unspecified subset."[34]  And the Supreme Court has said that the Second Amendment

---

[30] *See Faust*, 2023 WL 4669028, at *4; *Hansen*, 2023 WL 4234002, at *7; *see also United States v. Hampton*, No. S2 21 Cr. 766 (JPC), 2023 WL 3934546, at *10 (S.D.N.Y. June 9, 2023) ("[A] defendant who fails to demonstrate that a challenged law is unconstitutional as applied to him has necessarily failed to state a facial challenge.").

[31] Docket No. 24 at 7 (citing *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008); *Bruen*, 142 S. Ct. at 2122, 2125, 2131, 2133-34, 2138, 2150, 2156).

[32] Docket No. 24 at 6-8.

[33] *See, e.g., United States v. Villalobos*, No. 3:19-CR-00040-DCN, 2023 WL 3044770, at *5-6 (D. Idaho Apr. 21, 2023); *United States v. Medrano*, No. 3:21-CR-39, 2023 WL 122650, at *1-2 (N.D.W. Va. Jan. 6, 2023).

[34] *Heller*, 554 U.S. at 580.

right "belongs to all Americans."[35]  Felons are not categorically omitted from that group.

To conclude that Nordvold is not among "the people" for Second Amendment purposes

would exclude him from other places (and rights) in the Constitution where "the people"

is referenced[36] – something the Supreme Court has never suggested the framers intended.

A felon does not automatically lose his right to keep and bear arms, but becomes *eligible*

to lose it.[37]  The question is whether the government can take away the felon's right to

possess a firearm, not whether the felon has such a right.[38]

 In any event, who exactly are "law abiding, responsible citizens"?  Do they include

traffic or petty offenders?  Probably not.  But how about misdemeanants who assault or

---

[35] *Id.* at 581.

[36] *See*, *e.g.*, U.S. Const. pmbl. ("We *the People* of the United States . . . ."); *id.* at art. 1, § 2, cl. 1 (House of Representatives composed of members chosen . . . by "*the People*" of the states); *id.* at amend. I (right of "*the people*" peaceably to assemble and to petition for redress of grievances); *id.* at amend. IV (right of "*the people*" to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures); *id.* at amend. IX (recognizing rights "retained by *the people*"); *id.* at amend. X (acknowledging powers reserved to "*the people*"); *id.* at amend. XVII (Senate composed of senators elected by "*the people*") (emphasis added).

[37] *See Kanter v. Barr*, 919 F.3d 437, 453 (7th Cir. 2019) (Barrett, J. dissenting); *see also* Eugene Volokh, *Implementing the Right to Keep and Bear Arms for Self Defense: An Analytical Framework and Research Agenda*, 56 UCLA LAW REV. 1443, 1497-98 (2009) (describing the two competing perspectives of Second Amendment analysis).

[38] *Kanter*, 919 F.3d at 453 (Barrett, J. dissenting).

stalk someone?[39]  Or persons who utter "obscene, indecent, or profane language" on the radio or who possess methamphetamine for personal use?[40]  And who is a "responsible" citizen?  Americans are apt to have different views on these questions, making the phrase difficult, if not impossible, to interpret and enforce.[41]

The Court, for a second time,[42] rejects the assertion that the Second Amendment only protects "law-abiding, responsible" citizens and excludes felons.  Despite having two felony convictions, Nordvold is still one of "the people."

Section 922(g)(1) also regulates Second Amendment conduct.[43]  The Supreme Court has held that the Amendment confers an individual the right to keep and bear arms that is not limited to military service.[44]  That right "extends, prima facie, to all instruments

---

[39] *See* S.D. Codified Laws § 22-18-1(5) (simple assault causing bodily injury); *id.* § 22-19A-1(2) (credible threat that places another in reasonable fear of death or great bodily injury); *see also Tennessee v. Garner*, 471 U.S. 1, 148 n.12 (1985) (pointing out that "numerous misdemeanors involve conduct more dangerous than many felonies").

[40] *See* 18 U.S.C. § 1464 (broadcasting obscene language – felony offense); S.D. Codified Laws § 22-42-5 (methamphetamine possession – felony under state law); *see also and compare* 18 U.S.C. § 4 (misprision of felony – a felony offense under federal law) *with* S.D. Codified Laws § 22-11-12 (misprision offense only a misdemeanor under South Dakota law).

[41] *Range*, 69 F.4th at 102.

[42] *See Lowry*, 2023 WL 3587309, at *3, 7.

[43] *Range*, 69 F.4th at 103.

[44] *See Heller*, 554 U.S. at 582-91.

that constitute bearable arms, even those that were not in existence at the time of the founding."[45]  The text of the Amendment encompasses the conduct Nordvold is accused of and presumptively protects it.[46]  Even so, *Jackson* and *Cunningham* establish that § 922(g)(1) "is part of the historical tradition that delimits the outer bounds of the right"[47] and that the statute is constitutional on its face and as applied to Nordvold.[48]

## CONCLUSION

The text of the Second Amendment covers Nordvold and his alleged unlawful conduct.  But his facial and as-applied constitutional challenges to § 922(g)(1) fail under the Eighth Circuit's recent decisions in *Jackson* and *Cunningham*.  The Court is bound by these decisions whether or not it agrees with them or believes they are correct.[49] Together they preclude dismissal of the indictment on Second Amendment grounds.  Nordvold

---

[45] *Id.* at 582.

[46] *Bruen*, 142 S. Ct. at 2126; *Lowry*, 2023 WL 3587309, at *4.

[47] *Bruen*, 142 S. Ct. at 2127.

[48] *Jackson*, 69 F.4th at 504; *Cunningham*, 70 F.4th at 506; *see also United States v. Sitladeen*, 64 F.4th 978, 985 (8th Cir. 2023) (if firearm regulation at issue governs conduct that falls within plain text of Second Amendment, court will uphold regulation so long as government can "identify an American tradition justifying" it by pointing to an analogue, i.e., "relevantly similar," historical regulation imposing "a comparable burden" on right of armed self-defense).

[49] *See* James Wm. Moore, 18 MOORE'S FEDERAL PRACTICE – CIVIL § 134.02 [2] (2023); *Hutto v. Davis*, 454 U.S. 370, 375 (1982) ("unless we wish anarchy to prevail within the federal judicial system, a precedent . . . must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be").

may thus be prosecuted and held to answer at trial for the prohibited firearm possession offense he is charged with.

## RECOMMENDATION

For the reasons and based on the authorities set forth in this report, it is

RECOMMENDED that Nordvold's motion to dismiss indictment (on Second Amendment grounds)[50] be denied.

## NOTICE

The parties have 14 calendar days after service of this report and recommendation to object to the same.[51]  Unless an extension of time for cause is later obtained,[52] failure to file timely objections will result in the waiver of the right to appeal questions of fact.[53] Objections must "identify[] those issues on which further review is desired[.]"[54]

---

[50] Docket No. 21.

[51] *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b).

[52] *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665, 667 & n.3 (8th Cir. 1986) (*citing Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

[53] *See Thompson*, 897 F.2d at 357; *Nash*, 781 F.2d at 667.

[54] *Arn*, 474 U.S. at 155.

DATED this 1st day of August, 2023.

BY THE COURT:

MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE