UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PHILIP LAMAR NORDVOLD,<br><br>Defendant. | 3:23-CR-30053-RAL<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO DISMISS |

Defendant Philip Lamar Nordvold was indicted for possession of a firearm by a prohibited person under 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(d) for allegedly possessing a revolver with an obliterated serial number after being convicted of a felony. Doc. 1. Nordvold filed a motion to dismiss, Doc. 21, arguing that § 922(g)(1) is facially unconstitutional as applied to him based on the Second Amendment and the Supreme Court's decision in New York State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022). Docs. 21, 22.

Magistrate Judge Mark A. Moreno entered a Report and Recommendation for Disposition of a Motion to Dismiss (on Second Amendment Grounds) recommending denial of the motion. Doc. 25. Nordvold objected to the report and recommendation "in order to preserve the legal and factual arguments presented." Doc. 29 at 1. Nordvold recognizes that precedent of the United States Court of Appeals for the Eighth Circuit is against his position, but notes "should those recent

decisions be overturned upon en banc review, like the Third Circuit did in the Range cases,[1] he asks to preserve the right to revisit these issues for future consideration." Doc. 29 at 2.

The Eighth Circuit in United States v. Jackson, 69 F.4th 495 (8th Cir. 2023) addressed similar arguments post-Bruen, concluding that "legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms," and determining that "Congress acted within the historical tradition when it enacted § 922 (g)(1) and the prohibition on possession of firearms by felons." Id. at 505. The Eighth Circuit in Jackson affirmed the denial of a motion to dismiss raising arguments paralleling those Nordvold now makes. After Jackson, the Eighth Circuit in United States v. Cunningham, 70 F.4th 502 (2023) rejected a defendant's argument of entitlement to possess a firearm under the Second Amendment notwithstanding his past felony convictions because neither of his felonies qualified as being "violent." Id. at 502. The Eighth Circuit in Cunningham characterized arguments akin to Nordvold's as "foreclosed" by Jackson. Id. A district court is bound to apply clear precedent of its appeals court when that precedent is on point and no intervening United States Supreme Court case casts doubt on the ruling. See Hood v. United States, 342 F.3d 861, 864 (8th Cir. 2003). Both Jackson and Cunningham were decided post-Bruen and are dispositive of Nordvold's challenge to the constitutionality of § 922 (g)(1).

Therefore, it is

ORDERED that the Report and Recommendation for Disposition of Motion to Dismiss (on Second Amendment Grounds), Doc. 25, is adopted and that Nordvold's objection to the report and recommendation, Doc. 29, is overruled. It is further

---

[1] Range v. Att'y Gen. United States, 53 F.4th 262, 269 (3rd Cir. 2022), reh'g en banc granted, opinion vacated sub nom. Range v. Att'y Gen. United States, 56 F.4th 992 (3rd Cir. 2023), and on reh'g en banc sub nom. Range v. Att'y Gen. United States, 69 F.4th 96 (3d Cir. 2023).

ORDERED that Defendant's Motion to Dismiss, Doc. 21, is denied.

DATED this 29th day of August, 2023.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE